**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy and Christine Gabaldon, Plaintiffs, vs. City of Peoria, an Arizona municipal corporation, Juan Gabriel Luera-Harris and Jane Doe Luera-Harris, David Barela and Jane Doe Barela, Charles Kunde and Jane Doe Kunde, Defendants. | No. CV-11-1683-PHX-GMS **ORDER** |

The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court remands this case to Maricopa County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The district courts shall have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law . . . if 'a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Although Defendants state in their Notice of Removal that Plaintiffs bring claims of civil rights violations arising under the United States Constitution, a review of the Complaint reveals that it consists of two counts of common law negligence, and one count of vicarious liability for such negligence. (Doc. 1; Doc. 1-1). None of these counts arise under federal law, and Plaintiffs do not invoke any federal statute as the basis for their causes of action. Plaintiffs themselves state in their Response to Defendants' Motion to Dismiss, that Defendants' requested dismissal of Plaintiffs' § 1983 claims is superfluous because Plaintiffs have "not yet raised" any § 1983 claims. (Doc. 9 at 6).

In their Complaint, Plaintiffs state that part of Defendants' duty of care was to "respect [Plaintiffs'] Fourth Amendment rights." (Doc. 1-1, ¶ 31; *see also id.* at ¶¶ 32, 36). The mere mention by Plaintiffs of "Fourth Amendment rights," however, is not sufficient to establish a substantial question of federal law. *See Landry v. Davis*, 2008 WL 4787539, at *2 (D. Kan. October 31, 2008). ("Plaintiff's mere mention of the Eighth Amendment is not enough to confer federal question jurisdiction."). The Court therefore has no subject-matter jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

In the absence of subject-matter jurisdiction, this Court is empowered to *sua sponte* order summary remand. *See* 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction). / / /

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **REMAND** the

present action back to Maricopa County Superior Court.

DATED this 8th day of February, 2012.

_____
G. Murray Snow
United States District Judge